IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § | |
| v. | § § | Case No. 1:11-CR-008-01-H |
| LARRY DALE SMITH, | § § § | |
| Defendant. | § | |

<u>MOTION TO CLARIFY THE JUDGMENT [DOC. 33] IN THIS CASE
AS A RESULT OF A SUBSEQUENT CONCURRENT STATE SENTENCE IMPOSED</u>

COMES NOW, Larry D. Smith, Defendant pro se in the above-entitled and numbered cause, and respectfully moves this Court to clarify the judgment [Doc. 33] in this case specifically in regards to a subsequently imposed state term of imprisonment that a state court intended to be ran concurrent to the previously imposed federal term of imprisonment in this case, and shows unto this Honorable Court as follows:

The Defendant in this case was arrested and charged with one-count of aggravated assault in Taylor County, Texas on 1/17/2011. On 2/16/2011, he was indicted by federal authorities in this case and charged with one-count of a Felon in Possession of a Firearm (18 U.S.C. §§ 922(g)(1), 924(a)(2)) in relation to his 1/17/2011 arrest in Taylor County, Texas. See [Doc. 1]. Shortly thereafter, he was taken into custody by U.S. Marshals pursuant to a writ of habeas corpus ad prosequendum concerning this case.

In this case, the Defendant entered a plea of guilty pursuant to a plea agreement, and was sentenced to 60-months imprisonment in the BOP by this Court on 9/2/2011. During the sentencing hearing

counsel for the government and Defendant discussed the Taylor County charge, any potential resolutions and sentence that might occur as a result of that related state case, as the state had at that point indicted the Defendant on it. The Court inquired whether the federal plea agreement entered into by the Defendant contemplated the state indictment, and how the Taylor County Court may view the Court's sentence. At the time of the federal sentencing hearing, the Taylor County indictment against the Defendant had not been dismissed, so the parties could only speculate as to its result or impact. This Court's ensuing federal judgment is silent as to whether Defendant's sentence is to run concurrently with any other sentence. [Doc. 33].

Subsequent to his federal sentence being imposed, Defendant was returned to Taylor County and pled guily pursuant to a plea agreement. He elected to have a jury assess his punishment, and on 2/22/2012 the state Court sentenced the Defendant to 30-years in the Texas Department of Criminal Justice, Institutional Division, sentence to run concurrent to his previously imposed federal sentence. See Attached State Judgment.

The Defendant is aware that the state Court's judgment that his sentence run concurrent to his federal sentence is not binding on this Court's judgment, and that this Court no longer has jurisdiction to amend the federal judgment or to order the BOP to calculate the Defendant's federal sentence as concurrent with his state sentence. However, the BOP has authority to credit the Defendant's state time toward his federal sentence by granting nunc pro tunc designation of the state prison as where he is to serve his federal sentence. In that regard, this Court's recommendation is relevant

and carries great weight in the BOP's decision making process. Thus, the Defendant respectfully requests that this Honorable Court make that recommendation in the Defendant's favor at this time.

The Defendant has been incarcerated since 1/17/2011, and soley in state custody for the past 13-years. During that time he has maintained a clear conduct record, he has completed vocational programs and apprenticeship programs with vast amounts of on-the-job training. He has been employed in the prisons commissary department, and the prisons maintenance department at the Robertson Unit the entire 13-years of his incarceration. See attached Certificates. He has further been involved in faith based programs, and has completed 77-weeks of faith based studies in dormatory housing program. See attached Certificate of Completion. The Defendant is now 60-years old and has used this time of imprisonment to better himself and spiritualy and is now ready to be a productive member of society upon his release.

WHEREFORE, Premises Considered, Defendant prays that this Court recommend that the BOP grant his request for nunc pro tunc designation of the state prison where he is presently confined as the place in which to serve his federal sentence, and for any other relief this Court finds equitable and just.

Respectfully submitted,

By: *Larry D. Smith*
Larry D. Smith #01786185
TDCJ-CID, Robertson Unit
12071 F.M. 3522
Abilene, Texas  79601

LARRY DALE SMITH
DEFENDANT PRO SE

Larry D. Smith #01786185
TDCJ-CID, Robertson Unit
12071 F.M. 3522
Abilene, Texas  79601

November 24, 2024.

Clerk, U.S. District Court
Northern District of Texas
P.O. Box 1218
Abilene, Texas  79604

Re:  United States v. Larry Dale Smith, Case No. 1:11-CR-008-01-H

Dear Clerk,
    Please find enclosed a motion to be filed in the abovesaid case, and attached exhibits thereto.
    Thank you for your assistance in this matter and may GOD bless you and your family.

Very truly yours,

*Larry D. Smith*

Larry D. Smith

RECEIVED
NOV 27 2024
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS



Larry D. Smith #01786185
TDCJ-CID, Robertson Unit
12071 F.M. 3522
Abilene, Texas 79601

X-RAY

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
P.O. BOX 1218
Abilene, Texas 79604

RECEIVED
NOV 27 2024
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

LEGAL-MAIL

PRIVILEGED OFFENDER MAIL
NOT INSPECTED
TEXAS DEPARTMENT OF CRIMINAL JUSTICE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2011 FEB 16 PM 12:36
DEPUTY CLERK

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | No. 1-11CR-008-C |
| | § | |
| LARRY DALE SMITH | § | |

INDICTMENT

The Grand Jury Charges:

Count One
Convicted Felon in Possession of a Firearm
(Violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2))

On or about January 17, 2011, in the Abilene Division of the Northern District of Texas, and elsewhere, **Larry Dale Smith**, defendant, a person who had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, knowingly possessed in and affecting interstate and foreign commerce a firearm, to wit: a .22 caliber single shot derringer, of unknown manufacture, and having no serial number.

In violation of Title 18, United States Code, Section 922(g)(1), the penalty for which is found in Title 18, United States Code, Section 924(a)(2).

**Larry Dale Smith**
Indictment - Page 1

A TRUE BILL:

_____
FOREMAN

JAMES T. JACKS
UNITED STATES ATTORNEY

_____
DENISE WILLIAMS
Assistant United States Attorney
Texas State Bar No. 02975990
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone: 806.472.7351
Facsimile: 806.472.7394
E-Mail: denise.williams@usdoj.gov

# United States District Court

**Northern District of Texas**
Abilene Division

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2011 SEP -2 PM 12: 53

DEPUTY CLERK _____

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Case Number  1:11-CR-008-01-C |
| | USM No. 42770-177 |
| LARRY DALE SMITH | |
| Defendant. | |

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, LARRY DALE SMITH, was represented by Michael L. King.

The defendant pleaded guilty to count 1 of the indictment filed on 02/16/2011. Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date of Offense | Count Number |
|---|---|---|---|
| 18 U.S.C. § 922(g)(1) [Penalty found in 18 U.S.C. § 924(a)(2)] | Convicted Felon in Possession of a Firearm | 01/17/2011 | 1 |

As pronounced on 09/02/2011, the defendant is sentenced as provided in pages 1 through 4 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100.00, for count 1, which shall be due immediately. Said special assessment shall be made to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Signed this the __2nd__ day of September, 2011.

_____
DISTRICT JUDGE SAM R. CUMMINGS
UNITED STATES DISTRICT COURT

AO 245 S (Rev. 01/01) Sheet 2 - Imprisonment

Defendant: LARRY DALE SMITH  
Case Number: 1:11-CR-008-01-C

Judgment--Page 2 of 4

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 60 months.

The defendant shall remain in custody pending service of sentence.

## RETURN

I have executed this Judgment as follows:

_____
_____

Defendant delivered on _____ to _____  
at _____, with a certified copy of this Judgment.

_____  
United States Marshal

By _____  
Deputy Marshal

USCA5 80

Case 1:24-cv-00202-H    Document 1    Filed 12/04/24    Page 10 of 16    PageID 10
Case 1:11-cr-00008-C -BG  Document 33   Filed 09/02/11   Page 3 of 4   PageID 127
AO 245 S (Rev. 1/01) Sheet 3 - Supervised Release

Defendant: LARRY DALE SMITH  Judgment--Page 3 of 4
Case Number: 1:11-CR-008-01-C

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.
☒ The defendant shall not possess a firearm, destructive device or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Fine and Restitution sheet of the judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 01/01) Sheet 3a - Supervised Release

Defendant: LARRY DALE SMITH
Case Number: 1:11-CR-008-01-C

Judgment--Page 4 of 4

## SPECIAL CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1. The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $20.00 per month.

2. The defendant shall forfeit all right, title, and interest in the .22-caliber, single-shot derringer, of unknown manufacture, and having no serial number, seized during the investigation.

3. The defendant shall cooperate in the collection of DNA as directed by the probation officer, as authorized by the Justice for All Act of 2004.

CASE NO. 18117B     COUNT SINGLE
INCIDENT NO./TRN: 918817137X-A001

FILED 2012 FEB 22 AM 7 58
PATRICIA HENDERSON
DISTRICT CLERK
TAYLOR COUNTY, TEXAS
DEPUTY

| | | |
|---|---|---|
| THE STATE OF TEXAS | § § § | IN THE 104TH DISTRICT |
| V. | § § | COURT |
| LARRY DALE SMITH | § § | TAYLOR COUNTY, TEXAS |
| STATE ID NO.: TX03601244 | § | |

## JUDGMENT OF CONVICTION BY JURY

| | | | |
|---|---|---|---|
| Judge Presiding: | HON. LEE HAMILTON | Date Judgment Entered: | 1/19/2012 |
| Attorney for State: | JAMES EIDSON | Attorney for Defendant: | RICK MABRY |

**Offense for which Defendant Convicted:**
AGGRAVATED ASSAULT PUBLIC SERVANT (TWO PRIORS)

| Charging Instrument: | Statute for Offense: |
|---|---|
| INDICTMENT | 22.02(B)(2)(B) Penal Code |

**Date of Offense:**
1/17/2011

| Degree of Offense: | Plea to Offense: |
|---|---|
| 1ST DEGREE FELONY | NOT GUILTY |
| Verdict of Jury: | Findings on Deadly Weapon: |
| GUILTY | N/A |
| Plea to 1st Enhancement Paragraph: TRUE | Plea to 2nd Enhancement/Habitual Paragraph: TRUE |
| Findings on 1st Enhancement Paragraph: TRUE | Findings on 2nd Enhancement/Habitual Paragraph: TRUE |
| Punished Assessed by: JURY | Date Sentence Imposed: 1/19/2012 | Date Sentence to Commence: 1/19/2012 |

| Punishment and Place of Confinement: | THIRTY (30) YEARS INSTITUTIONAL DIVISION, TDCJ |
|---|---|

THIS SENTENCE SHALL RUN **CONCURRENTLY.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A**.

| Fine: $-0- | Court Costs: $ 369.00 | Restitution: $ -0- | Restitution Payable to: ☐ VICTIM (see below) ☐ AGENCY/AGENT (see below) |
|---|---|---|---|

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62.

The age of the victim at the time of the offense was **N/A**.

If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order.

| | From 1/17/2011 to 1/19/2012 | From to | From to | |
|---|---|---|---|---|
| Time Credited: | From to | From to | From to | TOTAL: 368 DAYS CREDIT |

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.

**N/A DAYS**    NOTES: **N/A**

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Taylor County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**
☒ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

It appeared to the Court that Defendant was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. A jury was selected, impaneled, and sworn. The INDICTMENT was read to the jury, and Defendant entered a plea to the charged offense. The Court received the plea and entered it of record.

The jury heard the evidence submitted and argument of counsel. The Court charged the jury as to its duty to determine the guilt or innocence of Defendant, and the jury retired to consider the evidence. Upon returning to open court, the jury delivered its verdict in the presence of Defendant and defense counsel, if any.

The Court received the verdict and ORDERED it entered upon the minutes of the Court.

**Punishment Assessed by Jury / Court / No election (select one)**

☒ **Jury**. Defendant entered a plea and filed a written election to have the jury assess punishment. The jury heard evidence relative to the question of punishment. The Court charged the jury and it retired to consider the question of punishment. After due deliberation, the jury was brought into Court, and, in open court, it returned its verdict as indicated above.

☐ **Court**. Defendant elected to have the Court assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

☐ **No Election**. Defendant did not file a written election as to whether the judge or jury should assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is **GUILTY** of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

**Punishment Options (select one)**

☒ **Confinement in State Jail or Institutional Division**. The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ**. The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the TAYLOR COUNTY COLLECTIONS, 400 OAK STREET, ABILENE, TEXAS. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment**. The Court ORDERS Defendant immediately committed to the custody of the Sheriff of _____ County, Texas on the date the sentence is to commence. Defendant shall be confined in the _____ County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the _____. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment**. The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the Office of the _____ County. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

**Execution / Suspension of Sentence (select one)**

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

**Furthermore, the following special findings or orders apply:**

**Signed and entered on** _2/_ DAY OF _Feb._, _2012_.

X _[signature]_
**LEE HAMILTON**
JUDGE PRESIDING

Cause No: _18117-B_   Date: _01/19/2012_

Court: _104th DC_ of Taylor County, Texas

X _[signature] Larry Smith_
Signature of Defendant

_[signature] Bob C Hawkins_
Bailiff/Person Taking Prints

18117B

Defendant's Right



# CERTIFICATE of ACHIEVEMENT

## PRESENTED BY WINDHAM SCHOOL DISTRICT TO

### Larry Dale Smith

For Successful Completion of
the ON-THE-JOB Training Program in

**WELDER, COMBINATION**
Job Title

819.384-010
DOT Code

**Completion Date**
Saturday, October 15, 2022

Charlene Moriarty
Workforce Administrator

Trainee #: 01786185



# CERTIFICATE of ACHIEVEMENT

## PRESENTED BY WINDHAM SCHOOL DISTRICT TO

### Larry Dale Smith

For Successful Completion of the ON-THE-JOB Training Program in

**PLUMBER**
Job Title

862.381-030
DOT Code

**Completion Date**
Tuesday, April 30, 2024

Charlene Moriarty
Workforce Administrator

Trainee #: 01786185

# Certificate of Completion

is presented to

**Larry Dale Smith**

for completion of the curriculum in the

## Faith Based Dorm

Consisting of

Quest for Authentic Manhood (30 wks), Christians Against Substance Abuse (13 wks), Managing My Anger (13 wks), Boundaries (9 wks), and Voyager (12 wks)

At the French M. Robertson Unit

Abilene, Texas

May 10, 2018

William E. Morris, CVCA
Instructor

Jeff Branch, CV
Instructor

Dennis Ferry, CVCA
FBD Coordinator / Instructor

James Sargent, CV
Instructor

Terry O'Connell, CVCA
FBD Coordinator / Instructor

Tom Blong, CVCA
Instructor